USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6-18-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BREAKING GLASS PICTURES, LLC,

                Petitioner,

v.

SAL FRANCIOSA PRODUCTIONS, LLC,

                Respondent.

---

No. 20-CV-4304 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of Petitioner's letter, seeking to file under seal Exhibit 2 to its petition to confirm the arbitration award, which is a Distribution Agreement executed by Petitioner, Respondent, and non-party Fame Tank Productions. *See* Dkt. 6 ("Ltr."). Under the First Amendment and common law, a strong presumption of public access attaches to judicial documents, i.e. documents submitted to a court for its consideration on a particular motion. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). If a court determines that the documents a party wishes to file under seal are considered "judicial documents," it must then determine whether the party "has demonstrated that the presumption of access is overcome by the need to protect higher values." *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *1 (S.D.N.Y. Nov. 30, 2011) (citing *Lugosch*, 435 F.3d at 120). "The party seeking the sealing of judicial documents bears the burden of showing that higher values overcome the presumption of public access." *Id.* at *2 (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

As relevant here, "[p]etitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[] the Court's adjudication' of the confirmation petition." *Alexandria Real Estate*, 2011 WL 6015646, at *2 (citation omitted); *see also Robert Bosch GmbH v. Honewell Int'l Inc.*, No. 14-CV-9432 (PKC), 2015 WL 128154, at *2 (S.D.N.Y. Jan. 6, 2015) (concluding that the agreement to arbitrate, the arbitration award, the petition to confirm the award, and the response to the petition are all judicial documents). The exhibits attached to the petition to confirm in this case, including the Distribution Agreement, are thus judicial documents.

At the same time, however, the Court's role on a petition to confirm an arbitration award is "narrowly limited," and an arbitrator's determinations are "generally accorded great deference under the Federal Arbitration Act." *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (alteration and citation omitted); *see also Laidlaw & Co. (UK) Ltd. v. Marinaccio*, No. 19-CV-5246 (RA), 2020 WL 1151323, at *4 (S.D.N.Y. Mar. 10, 2020) ("In evaluating a petition to confirm or vacate, the Court is mindful that '[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. . . . Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award.") (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). With that guidance in mind, the Court finds that while the arbitration provision contained in the Agreement—specifically Section 17.11 of the General Terms Agreement—is "at the heart of [the instant] litigation," the Distribution Agreement as a whole "play[s] a more tangential role in the dispute" before the Court. *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 (AJN), 2014 WL 4979316, at *2 (S.D.N.Y. Oct. 6, 2014). The Distribution Agreement as a

whole is thus accorded a "weaker presumption of access." *See id.*

Petitioner's request to seal the Distribution Agreement is based on its argument that, although it contains the parties' agreement to arbitrate, it also "contains commercially sensitive information and is governed by a confidentiality provision" that prohibits parties from disclosing its terms without prior consent. *See* Ltr. at 2. While "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome" the presumption of access, *Alexandria Real Estate*, 2011 WL 6015646, at *3, the Court is nevertheless persuaded that the Agreements' terms—excluding Section 17.11—play little, if any, role in the Court's adjudication of the petition to confirm the arbitration award. *See, e.g.*, *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13 Civ. 6073 (PKC), 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013), *aff'd,* 776 F.3d 126 (2d Cir. 2015) (granting permission to seal documents that "played no role in [the] Court's adjudication of the parties' respective motions, which turned almost entirely on the Investment Agreement's arbitration clause"). Putting aside the arbitration provision in the Agreement, the Court concludes that the remaining terms contain "sensitive commercial information" and are "of limited relevance to the dispute before the Court." *See PDV Sweeny*, 2014 WL 4979316, at *2. At this time, the Court therefore agrees with Petitioner that "the Distribution Agreement is only relevant to the Court's analysis[] to the extent that it reflects the parties' agreement to arbitrate their dispute." Ltr. at 3. If, however, the Court subsequently determines that other parts of the Distribution Agreement are or become relevant to its analysis of the petition to confirm, it will require Petitioner to demonstrate why sealing as to those other such provisions is justified.

Finally, while Petitioner has identified higher values that justify redacting the Distribution Agreement, its request to seal is not narrowly tailored. At the very least, the terms

of the parties' agreement to arbitrate must be placed on the public docket.  Accordingly, no later than June 26, 2020, Petitioner shall submit proposed redactions more narrowly tailored to the interests it seeks to protect with respect to Exhibit 2.

      Petitioner shall serve a copy of this Order on Respondent.

SO ORDERED.

Dated:    June 18, 2020
           New York, New York

                                            Ronnie Abrams
                                            United States District Judge